Ruffin, C. J.
 

 The question is, whether, when slaves, or other specific part, of the husband’s estate, are assigned to a wife for alimony, she has the absolute property in them. For the defendant it wras contended, that she had, by force of the 3d section of the divorce act,
 
 Rev. St. c.
 
 39. That authorizes the Court to allow her such alimony as her husband’s circumstances will admit, not exceeding one-third of the annual income or profits of his. estate or occupation, or to assign to her separate use such part of the real and personal estate of the husband as the Court shall think fit, not exceeding one-third part thereof, as the justice of the case may require, which shall continue until a reconciliation shall take place between
 
 *297
 
 the parties.” It was argued, that,'as the profits of specific property are uncertain, and especially land in this State, and an increasing family of slaves, under the management of a woman, the Legislature must be supposed to have intended for her a greater benefit than the labor merely of the slaves and the products of the land during her life. This was insisted on the more, as being supported by the terms in the act
 
 “ to
 
 her separate use,” that being a phrase well known in the law, and to be received in the sense in which it would be, if contained in a will or deed. And it was thence concluded that the wife had the property in the slaves, or, at least, the
 
 jus disponendi.
 
 But the Court cannot place that construction on the act. We think the wife had no estate in the slaves, but that the personal enjoyment of them only was secured to her during her life, at most, and subject to cease upon a reconciliation, or be defeated by the order of the Court.
 

 The act gives alimony. Now, “ alimony” in its legal sense may be defined to be that proportion of the husband’s estate, which is judicially allowed and allotted to a wife for her subsistence and livelihood, during the period of their separation.
 
 Poynter on Marriage and Divorce,
 
 246.
 
 Shelford on Mar. and Div.
 
 586. In its nature, then, it is a provision for
 
 a wife,
 
 separated from her husband ; and it cannot continue after reconciliation, or the death of either party. There is no occasion for it after the death of the husband ; for she then becomes entitled;, to dower and a distributive share, though, divorced??^
 
 mensa et thoro;
 
 unless, indeed, she should lose dower by leaving her husband and living in adultery.
 
 Go. Lit.
 
 32, 33. Moreover, the decree for alimony vests in the wife no absolute right to the allowance, whether it consist of money or specific things ; for, besides that it ceases upon reconciliation, it may be changed from time to time, and reduced or enlarged, in the discretion of the Court.
 
 Otway
 
 v.
 
 Otway,
 
 2 Phill. 109.
 
 Foulkes
 
 v.
 
 Foulkes,
 
 3 Hagg. Ec. R. 329. The phrase “ separate use” was not, as we
 
 *298
 
 think very clearly, used in the technical sense imputed - to it, but it means merely the personal use or separate enjoyment of the wife, while living away from her husband, and, in that sense, having the separate use of the property.' If it had been intended, that, as to the property assigned for alimony, the wife should substantially be a
 
 feme sole,
 
 the intention would have been/declared in language as clear and explicit as that in the 11th and 12th sections touching her own acquisitions. Those sections expressly give the divorced wife the power of holding the acquisitions of her own industry, and donations to her, against her husband and his creditors, and of disposing of them ; and upon her death, without having disposed of them, they are transmissible as though she were unmarried. There is a marked distinction, therefore, in the manner in which the Act speaks concerning the wife’s rights in property made by her labor, or bestowed on her by friends, and in that the law assigns as alimony out of her husband’s estate. The formér is her property to all 'intents and purposes — to be enjoyed, sold, or given, as if she were sole. The latter is a provision for her livelihood, while she is the man’s wife and lives apart from him. This is the construction from the legal signification of the term “ Alimony” by itself; and especially when contrasted with the precise provisions respecting her rights qver her own property. But other parts of the Act prove the correctness of this construction. The 10th section, for example, .treats “ alimony” and “ separate maintenance” as synonimous, and shews the sense in which “ separate use” in the 3d section is to be taken. The provision, too, that her separate use shall continue until reconciliation is absolutely inconsistent with a power of sale in the wife. For, either the sale would prevent the re-vesting of the property in the husband upon a reconciliation, which would defeat the policy of the Legislature, and, indeed, directly contradict the act; or the wife would have the power of defeating her sale by re
 
 *299
 
 turning to her husband, which the Legislature could never intend. Besides, the second section goes a little beyond the third, as to the period for which the alimony shall continue, by saying that it shall be “ as long as the justice of the case may require” : thus fully preserving the idea of alimony, as defined by the common law, that it may be varied as may seem meet to the Judge from the change of circumstances, and thence shewing that the wife cannot have the power of disposition of specific things. No doubt the Court is not restricted to a provision out of the income, though that is the usual mode of making it. A sum
 
 in numero
 
 may be decreed to be paid annually, and the husband’s estate may, under the 10th section, be sold to make it- The, circumstance, therefore, that the specific property may not yield adequate profits, cannot be taken into consideration in interpreting the act, as it is in the discretion of the Judge to assign property or a pecuniary allowance. There is another consideration arising out of the statute of distribution, which is strongly opposed to the argument for the defendants. TJpon the intestacy of a husband, or the wife’s dissent from his will, she is entitled to dower of one-third of his land, and to a child’s part of his clear personal property. Now, the Court can, without regard to the number of children, assign the third of the real and personal estate as alimony, and might in some instances be the more inclined to assign a full third, to her when the. children are numerous, that she might keep house and provide nurture for the children, whom- the father neglected duly to maintain. This is all very well, if alimony determines with the death of either party. But if' an absolute property enures to the wife in the things assigned for alimony, her share of the estate, instead of being a child’s part, might be thus made four or five times as much, and thus defeat the statute of distributions ; which likewise could never have been intended.
 

 
 *300
 
 The true principle therefore is, that as the separate enjoyment of the specific things is given as alimony, in lieu of money, it can endure only as long as an allowance in money would. There is no more reason for holding that the wife’s right to the negroes was absolute, than that one-third of the rent of the real estate should be paid to her
 
 in perpetuo.
 
 Her right is, by its nature and the terms of the statute, limited to the period of separation of the husband and wife, and it terminates by the death of either.
 

 Per CuRiam. Judgment affirmed.