ELIZABETH HESTER v. PAUL J. HESTER.

(Filed 16 December, 1953.)

1. **Judgments § 19: Divorce and Alimony § 14—**

   In the wife's action for alimony without divorce, G.S. 50-16, in which alimony *pendente lite* has been allowed, the merits of the cause are not before the court upon the hearing of an order to show cause, and the judge in chambers in another county is without jurisdiction to render judgment for permanent alimony in the action.

2. **Divorce and Alimony § 12—**

   Where in the wife's suit for alimony without divorce under G.S. 50-16, order for alimony *pendente lite* has been rendered, but subsequent thereto

there is a reconciliation and a resumption of marital relations in the home, the necessity for alimony ceases, and a judge of the Superior Court has no power to reactivate the order for alimony *pendente lite*. However, the original cause is still pending and upon a subsequent separation and need for subsistence for the wife, the courts are open for whatever relief may be justified by the situation then existing.

APPEAL by plaintiff from *Rousseau, J.,* 13 April, in Chambers at Wadesboro; STANLEY Superior Court. Remanded.

Plaintiff instituted action for alimony without divorce under G.S. 50-16 in August, 1948. Plaintiff alleged abandonment, and defendant answered denying fault on his part and alleging excessive use of intoxicants by the plaintiff.

After notice, Judge Phillips heard plaintiff's motion for alimony *pendente lite* and entered order 31 August, 1948, allowing plaintiff $75 per month. The defendant paid this for four months and then ceased. Subsequently the plaintiff and defendant resumed their marital status, living together in the home in Albemarle. On 6 May, 1950, the parties again separated and since that time have continued to live separate and apart. In 1952 defendant Paul J. Hester instituted in Catawba County an action for divorce *a vinculo* on the ground of two years' separation. It was alleged Elizabeth Hester was then living in that county. In the Catawba action Elizabeth Hester filed answer and set up plea in abatement on account of pendency of the action in Stanly County, but this plea was overruled. In the trial of that action the jury found that Paul J. Hester had willfully abandoned the plaintiff and divorce was denied. In the final judgment in that case it was declared that the judgment should in no way affect the rights of Elizabeth Hester in any other proceeding now pending.

It was alleged by the plaintiff that the plaintiff instituted action in Florida and obtained judgment for alimony but nothing was paid thereon, and that action has no bearing on the question presented by this appeal.

In February, 1953, the plaintiff filed an amendment to her original complaint in Stanly Superior Court, setting out these additional facts and had notice served on the defendant to appear before Judge Rousseau in Wadesboro, Anson County, to show cause why he should not be required to pay alimony as decreed in Judge Phillips' order in 1948, and why said alimony should not be made permanent.

To this notice to show cause the defendant answered setting out his contentions in opposition and denying the right of the plaintiff to any allowance of alimony temporary or permanent under the original order of Judge Phillips.

Judge Rousseau, after finding the facts, adjudged that he had no jurisdiction to grant alimony in this cause, and dismissed plaintiff's motion. The plaintiff appealed.

*R. L. Smith & Son for plaintiff, appellant.*
*J. C. Sedberry for defendant, appellee.*

DEVIN, C. J. The original action instituted by plaintiff in Stanly County in 1948 was for alimony without divorce. In this action, on plaintiff's motion, an order was entered by Judge Phillips making her an allowance *pendente lite.* In compliance with this order the defendant made four monthly payments and has paid nothing since December, 1948. No other proceeding was had in that action. In 1953 plaintiff asked leave to file an amendment to her original complaint, and had notice served on the defendant to show cause before Judge Rousseau in Anson County why he should not be required to comply with the order of 1948 and why alimony should not be made permanent.

The final determination of the original Stanly County action was not before Judge Rousseau in chambers in Anson County. He had no jurisdiction to make an allowance of permanent alimony. The only matter he could have heard was the plaintiff's motion to require defendant to pay alimony *pendente lite* under the original order of 1948. Being of opinion that he was without jurisdiction to grant alimony in the cause, Judge Rousseau dismissed the plaintiff's motion. It seems plaintiff did not apply to Judge Rousseau for an order making her a new allowance *pendente lite* on the facts set up in her amended pleading, but asked for the reactivation of the order of 1948, and for an order granting her permanent alimony.

There is no allegation or proof that the reconciliation and resumption of marital relations in 1949 or 1950 was upon condition. No question of condonation or recrimination is raised. Plaintiff alleges she was induced to return to the home and live with the defendant as his wife. Certainly, during the period of such resumption, necessity for alimony of any kind ceased.

The plaintiff complains that the judge below declined to take action on her motion and contends she was entitled to an order requiring continuance of the payments of alimony *pendente lite* prescribed in the order of 1948. The judge correctly ruled that in chambers in another county he was without jurisdiction to render judgment for permanent alimony in the action at issue in the Superior Court of Stanly.

"Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled to pay his wife for her maintenance while she is living apart from him or has been divorced." 17 A.J. 405. Black's Law Dictionary defines alimony as "an allowance out of the husband's estate, made for the support of the wife when living separate from him."

The rule is that a reconciliation between husband and wife who have been living apart terminates a divorce action, and an allowance for temporary alimony falls with it. 17 A.J. 435; *Yoder v. Yoder*, 105 Wash. 491, 3 A.L.R. 1109.

In *Rogers v. Vines*, 28 N.C. 293, *Chief Justice Ruffin* used this language: "Now, 'alimony' in its legal sense may be defined to be that proportion of the husband's estate which is judicially allowed and allotted to a wife for her subsistence and livelihood during the period of separation. Poynter Marriage and Divorce 246; Shelford on Mar. and Div. 586. In its nature, then, it is a provision for a wife separated from her husband, and it cannot continue after reconciliation or the death of either party." This definition was quoted with approval in *Taylor v. Taylor*, 93 N.C. 418. And in *Crews v. Crews*, 175 N.C. 168, 95 S.E. 149, this Court said, "whether awarded as an incident to divorce *a mensa et thoro*, or as an independent right under the present statute, and whether in specified property or current payments, it terminates on the death of either of the parties or on their reconciliation."

The object of a judgment decreeing alimony is subsistence for the wife during the period of separation. *Anderson v. Anderson*, 183 N.C. 139, 110 S.E. 863. "It is not contemplated by the statute that the judgment should be final and conclusive; for should the husband return to the wife and resume his marital relations and obligations the necessity for such a provision would cease." *Skittletharpe v. Skittletharpe*, 130 N.C. 72, 40 S.E. 851.

If after an abandonment, followed by a suit for divorce *a mensa* and a court order for alimony *pendente lite*, there is a reconciliation and resumption of marital relations in the home, the necessity for alimony ceases. And if there is a subsequent separation and need for subsistence for the wife, the courts are open for whatever relief may be justified by the situation then existing.

Under the circumstances of this case and in view of the reconciliation between the parties and their resumption of marital relations, we are of opinion, and so hold, that the purpose and necessity of the allowance of alimony *pendente lite* had been served, and that the action of Judge Rousseau in declining now to enforce the order of 1948 may not be held for error.

The plaintiff calls our attention to the case of *Fountain v. Fountain*, 150 Ga. 742, 105 S.E. 294, as being in point. The facts in that case were these: After marriage the husband and wife separated. The wife instituted action for alimony. Pending the action there was a reconciliation and husband and wife resumed marital relations. Thereafter the husband and wife again separated, and the action was prosecuted to final judgment in favor of the wife. The husband failed to comply with the judgment

and was cited for contempt. He defended on the ground that the resumption of marital relations automatically ended the suit and it could not thereafter be prosecuted to judgment. It was held that while the husband on reconciliation could have had the suit dismissed as a matter of course, this was not done and the prosecution of the suit to judgment was upheld.

We observe that notwithstanding the vigorous charges and counter-charges, and the proceedings in the several different counts as set forth in the record, the plaintiff has not seen fit for more than five years to press her action for alimony without divorce in the Superior Court of Stanly County where presumably she and her husband are resident. However, no final judgment has been rendered, and the cause must be regarded as still pending there.

The action of the court below in so far as it declined to grant plaintiff's prayer will not be disturbed, and the cause is remanded to the Superior Court of Stanly County for such orders as may be proper.

