JOAN G. HARPER v. CHARLES W. HARPER

No. 8010DC479

(Filed 20 January 1981)

**Divorce and Alimony §§ 24, 25— child custody and support — failure of complaint to state claim**

Where a husband and wife are living together and the children are in their joint custody and are being adequately supported by the supporting spouse, in the absence of allegations which would support an award of alimony or divorce, one spouse may not maintain an action to evict the other, get sole custody of the children, and obtain an order for child support; therefore, the trial court erred in denying defendant's motion to dismiss on the ground the complaint failed to state a claim upon which relief could be granted, since the complaint attempted to assert, and the court allowed, what appeared to be a "no fault" divorce from bed and board, and such an action does not lie in this State.

APPEAL by defendant from *Parker (John H.), Judge.* Order entered 28 December 1979 in District Court, WAKE County. Heard in the Court of Appeals 12 November 1980.

The appeal is from an order relating to child custody, child support and attorney fees in plaintiff's favor.

On 30 November 1979, plaintiff filed a complaint and affidavit setting out the following. She and defendant are married and live together on Kilkenny Place in Raleigh, North Carolina. Their four children live with them. The names and ages of the children are as follows: Joel Kenneth Harper, age 17, Alison Joan Harper, age 16, Erin Suzann Harper, age 10 and Mark Goodsell Harper, age 3.

Plaintiff alleges that the parties are not happy and that it is in the best interest of the parties and the children that they separate. She does not allege any misconduct on the part of her husband towards either her or the children. She does not allege that her husband ever failed to provide adequate support for his family, She, in effect, asked

the court to require defendant to separate himself from plaintiff and the children, move out of his home, award her custody of the children, provide shelter for herself and the children and give her an automobile. She also asked that she be paid a fixed sum for child support and counsel fees.

On 6 December 1979, defendant moved the court to dismiss the action on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted. The failure to state a claim was again alleged in defendant's answer filed on 14 December. Defendant denied the allegations that the parties were not happy living together and that it would be in the best interest of the parties and the children to separate. Defendant alleged that he had been a "faithful and dutiful husband and contributed his time, energies and financial resources toward making a happy home life for plaintiff and the children of their marriage" and that he "has provided and desires to continue to provide the love, companionship and society to plaintiff and the children of their marriage." He alleged that the best interest and welfare of the children is for plaintiff and defendant to continue to live together as husband and wife, jointly exercising parental custody and control over said children.

A hearing was held on 17 December 1979. On 28 December 1979, an order was entered requiring, among other things, the following:

1. Plaintiff is hereby awarded the primary custody of Joel Kenneth Harper, Alison Joan Harper, Erin Suzann Harper and Mark Goodsell Harper, and the right to control and supervise the upbringing of said children during their minority.

2. Defendant is hereby awarded secondary custody of the minor children for the purpose of visitation according to the following terms and conditions:

(a) Joel Kenneth Harper, Alison Joan Harper and Erin Suzann Harper are of sufficient age that defendant's visitations may be arranged directly with each of them. However, the arrangements for visitation between defendant and those children shall, insofar as possible, be made in advance by telephone.

(b) Defendant's visitation with Mark Goodsell Harper shall be at the following times unless plaintiff agrees otherwise:

(i) Every other weekend from Friday at 6:00 o'clock p.m. until Sunday at 6:00 o'clock p.m.

(ii) Easter in each even year.

(iii) Thanksgiving in each odd year.

(iv) December 25 at 2:00 o'clock p.m. until December 27 at 6:00 o'clock p.m. in every year.

(v) Up to four weeks each summer.

(c) Defendant shall avoid coming upon the premises occupied by plaintiff and the children without plaintiff's consent and invitation obtained in advance except for the purpose of exercising a predetermined visitation. In exercising his visitations defendant shall not enter plaintiff's home but shall receive and return the children to the front entrance.

3. In the event of conflict between plaintiff and defendant concerning decisions affecting the best welfare of the children, plaintiff's decision shall control.

4. Plaintiff is hereby awarded sole and exclusive possession of the family home located at 4817 Kilkenny Place, Raleigh, North Carolina, rent free, until all of the children of the parties have reached the age of majority or are otherwise emancipated. Defendant shall not directly or indirectly disturb or in any manner interfere with or interrupt plaintiff's possession or right to possession or bring any action to partition the property or to sell the same in lieu of partition. Defendant shall vacate the premises and surrender sole possession to plaintiff on or before December 28, 1979.

5. Plaintiff is hereby awarded sole possession and ownership of the household furnishings located in the residence at 4817 Kilkenny Place, Raleigh, North Carolina, in order to provide a suitable home for the children. However, defendant may remove such basic necessities and items of furniture from the home as may be agreeable between the parties. In the event the parties are unable to agree upon the items to be removed by defendant, either party may apply to the Court for a determination of such items.

6. Defendant shall provide the following support for the children:

(a) Defendant shall promptly pay when due all mortgage payments, *ad valorem* taxes and insurance pre-

miums upon the home located at 4817 Kilkenny Place, Raleigh, North Carolina until all of the children of the parties have reached the age of eighteen years or are otherwise emancipated. He shall thereby benefit from the income tax deductions relating to his payment of interest and local property taxes.

(b) Defendant shall also pay plaintiff the sum of $75.00 per month for each minor child of the parties until the child reaches the age of eighteen years or is otherwise sooner emancipated.

(c) Within ten days from the date hereof defendant shall transfer to plaintiff title and ownership of the family automobile customarily operated by her.

(d) Defendant shall maintain and keep in force a policy of medical and hospital insurance equivalent to the coverage now maintained by him which shall provide benefits to each child of the parties during the child's minority.

(e) So long as defendant remains obligated for the support of any child hereunder, he shall also pay all of the child's hospital, medical, dental and prescription drug expenses which are not paid by insurance.

(f) Within ten days from the date hereof defendant shall pay plaintiff a lump sum for child support in the amount of $1,500.00.

7. Within five days from the date of this Order defendant shall pay the sum of $500.00 to plaintiff's counsel, J. Harold Tharrington, Attorney at Law, 300 BB&T Building, Raleigh, North Carolina.

Defendant appealed.

*Tharrington, Smith and Hargrove, by J. Harold Tharrington and Carlyn G. Poole, for plaintiff appellee.*

*Harrell and Titus, by Richard C. Titus and Bernard A. Harrell, for defendant appellant.*

VAUGHN, Judge.

Defendant's motion to dismiss should have been allowed because the complaint fails to state a claim upon which relief can be granted.

The complaint appears to attempt to assert, and the court allowed, what appears to be for most practical purposes, a "no fault" divorce from bed and board. Such an action does not lie in this State.

Where, as here, husband and wife are living together, the children being in their joint custody and being adequately supported by the supporting spouse, in the absence of allegations that would support an award of alimony or divorce, one spouse may not maintain an action to evict the other, get sole custody of the children and obtain an order for child support.

Even if the wife and children had been living separate from the husband and there was a justiciable controversy as to custody and support, we have not been referred to any authority that would authorize the judge to evict defendant from his home and assign it to his wife for her use and that of the children, in the absence of allegations and proof of matters that would also support an award of alimony or divorce. The pertinent statute concerning the payment of *child support* is as follows:

> Payment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property of any interest therein, or a *security interest in real property,* as the court may order. In every case in which payment for the support of a minor child is ordered and alimony or alimony *pendente lite* is also ordered, the order shall separately state and identify each allowance.

G.S. 50-13.4(e) (emphasis added).

Where, however, an order for *alimony* is authorized, the following statute controls:

> Alimony or alimony *pendente lite* shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or *possession of real property*, as the court may order. In every case in which either alimony or alimony *pendente lite* is allowed and provision is also made for support of minor children, the order shall separately state and identify each allowance.

G.S. 50-16.7(a) (emphasis added).

Even if the pleadings should be said to be amended to conform to the evidence, plaintiff has still failed to make out a claim against defendant. Plaintiff testified in her own behalf and called defendant as her own witness. No other evidence was offered except an affidavit as to plaintiff's needs which she admitted was so excessive as to be "silly." All of the evidence indicates that the children are happy and well adjusted in their home and community. They appear to lead active and wholesome lives. Both parents can obviously take pride in all of them. Plaintiff testified that she has a Bachelor of Science degree in home economics but, other than teaching school for a few months and working as a secretary for a few months, she has never worked outside the home. She has, from time to time, taught piano in her home particularly when she was instructing one of her own children in that art. Recently, she has invested in a diet counselling franchise. Clients come into the family home for a few hours in the morning. For the most part of the last eighteen years, however, she has spent her time carrying out the usual responsibilities of a mother and wife who does not have to work in outside employment. At the hearing, plaintiff related her activities in considerable detail. They add up, however, to the normal activities of a good homemaker. She ran the household, and ran it well, while her husband developed a career to obtain, among other things, the financial resources to provide his family with a standard of living far above the average.

Page after page of the record is filled with inadmissible speculation and hearsay that was apparently admitted without objection. Most of it is devoted to plaintiff's attempts to articulate rather amateurish and abstract notions of faulty interpersonal relationships and behavioral patterns - a field best left to those physicians trained in psychiatry who, notwithstanding their scientific knowledge, find much about which they disagree. This is but another field where a little learning often does more harm than good.

A commonsense appraisal of plaintiff's case is as follows. After 18 years, she has tired of her marriage to defendant and, in her words, "wants out." She admits that, although she does not dislike her husband, she does not love him and says that she does not know when she last loved him. She had been trying to get him to move out of his home for a long time before she started this suit. She admits that "[t]he children all have a great deal of affection for their father. In fact,

Harper v. Harper

they all love him very much. The real root of the problem is that I don't love him." Her husband is a university professor and a colonel in the Air Force Reserves. He has provided well for his family, including the 4 bedroom, $80,000.00 house in which they live. In sum, there is nothing in the evidence that would have given rise to a claim in her favor for alimony or divorce, and plaintiff does not contend that there is. There were differences of opinion as there undoubtedly are in every marriage. He has criticized her, and she has criticized him. He was too generous with his children, both materially and in open manifestation of his affection for them, in her opinion. He was overly concerned with their physical safety, in her opinion. He thought their 11-year-old daughter was too young to baby-sit, and she disagreed. She also did not approve of some of his religious leanings. She thought his ego needed building up because his "self-esteem has not been what it should have been." She on the other hand describes herself as "a strong independent person."

In summary, plaintiff, without cause or excuse, wants out of the marriage but not out of the marital home. The law cannot require her to live with her husband, but it will not allow her to evict him. Plaintiff's actions tend to amount to constructive abandonment of defendant and might well entitle him to a divorce from bed and board.

We have decided this case on grounds that were not bases of assignments of error or suggested in defendant's brief as required by the Rules of Appellate Procedure. We do this within the clear residual power of an appellate court, as well as that recited in App. R. 2, in order to prevent a manifest injustice to a party.

The order from which defendant appealed is reversed, and the case is remanded for an order dismissing the action.

Reversed and Remanded.

Judges MARTIN (Robert M.) and WELLS concur.