WILLIAM C. PALMER v. R. W. WILKINS, JR., COMMISSIONER OF NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 8425SC604

(Filed 19 February 1985)

Automobiles § 2.3— suspension of driver's license—no appeal
> G.S. 20-25 creates no right to appeal a driver's license suspension under G.S. 20-4.20(b) for failure to comply with a citation issued in another state.

APPEAL by the State from *Sitton, Judge.* Judgment entered 6 March 1984 in CALDWELL County Superior Court. Heard in the Court of Appeals 6 February 1985.

Respondent Department of Motor Vehicles (hereinafter the DMV) received a notice from the South Carolina Department of Motor Vehicles that petitioner Palmer had received a citation for speeding (70 m.p.h. in a 55 m.p.h. zone) there. The DMV thereupon issued an order, pursuant to N.C. Gen. Stat. § 20-4.20(b) (1983), suspending petitioner's driver's license pending proof that he had complied with the South Carolina citation. Petitioner requested and received a hearing, at which he stated that he had not been in South Carolina, had no intention of going there, and that the

DMV therefore could not do anything about the matter. The hearing officer concluded from the correct information regarding petitioner on the citation and the fact that the car involved was titled to petitioner's wife that petitioner was indeed the person named in the citation, and placed the suspension back in effect.

Petitioner then petitioned the Superior Court of Caldwell County for injunctive relief on the ground that the DMV's action was arbitrary and unconstitutional. Temporary injunctions were issued. The DMV answered and moved to dismiss for lack of subject matter jurisdiction.

At hearing, the trial court denied the DMV's motion to dismiss and found certain uncontested facts. These facts were that petitioner held a valid North Carolina license, that conviction under the citation would not have resulted in suspension under either North Carolina or South Carolina law, and that petitioner was not entitled to a hearing before any DMV official prior to suspension, but that the DMV had granted one in its discretion. The trial court concluded that G.S. § 20-4.20(b) was unconstitutional as written and applied, and that petitioner had been denied his rights to due process and equal protection under the law. The trial court therefore vacated the suspension and permanently enjoined the DMV from reinstating it. The DMV appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Jean A. Benoy and Assistant Attorney General Alfred N. Salley, for the State.*

*Wilson and Palmer, P.A., by W. C. Palmer, for petitioner.*

WELLS, Judge.

The first question presented is whether the trial court had subject matter jurisdiction of petitioner's appeal from the Commissioner's order. Petitioner's license was suspended pursuant to the provision of G.S. § 20-4.20(b), which provides:

(b) When the licensing authority of a reciprocating state reports that a person holding a North Carolina license has failed to comply with a citation issued in such state, the Commissioner shall forthwith suspend such person's license. The order of suspension shall indicate the reason for the order, and shall notify the person that his license shall remain

suspended until he has furnished evidence satisfactory to the Commissioner that he has complied with the terms of the citation which was the basis for the suspension order by appearing before the tribunal to which he was cited and complying with any order entered by said tribunal.

Petitioner commenced this action in superior court pursuant to N.C. Gen. Stat. § 20-25 (1983):

Any person denied a license or whose license has been canceled, suspended or revoked by the Division, *except where such cancellation is mandatory under the provisions of this Article,* shall have a right to file a petition within 30 days thereafter for a hearing in the matter in the superior court of the county wherein such person shall reside, or to the resident judge of the district or judge holding the court of that district, or special or emergency judge holding a court in such district in which the violation was committed, and such court or judge is hereby vested with jurisdiction and it shall be its or his duty to set the matter for hearing upon 30 days' written notice to the Division, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license *under the provisions of this Article.* [Emphasis added.]

Relying on the emphasized language, the DMV contends that since suspension under G.S. § 20-4.20(b) is mandatory, petitioner had no right to invoke the jurisdiction of the superior court. G.S. § 20-25 appears in Article 2 of Chapter 20, however, while G.S. § 20-4.20 appears in Article 1B. Therefore the exception does not apply. The last phrase of the section clearly empowers courts only to decide whether suspension under Article 2 is appropriate, not to review suspensions under Article 1B. We conclude that G.S. § 20-25 creates no right to appeal a suspension under G.S. § 20-4.20(b). The General Assembly simply has not provided for appeals from suspension under G.S. § 20-4.20(b), and under those circumstances, harsh as the result may seem, we must hold that the trial court was without subject matter jurisdiction to entertain petitioner's appeal from the Commissioner's order. Accordingly, the trial court's order must be and is

Vacated.

Judges WHICHARD and BECTON concur.