MICHAEL GRAY COOKE, Plaintiff v. JANICE FAULKNER, COMMISSIONER, NORTH CAROLINA DIVISION OF MOTOR VEHICLES, Defendant

No. COA99-555

(Filed 2 May 2000)

**Motor Vehicles— revoked driver's license—reinstatement—subject matter jurisdiction**

The trial court did not err by finding that it lacked subject matter jurisdiction to hear plaintiff's claim seeking reinstatement of his driver's license following a conviction for habitual impaired driving. Permanent revocation following a conviction for habitual impaired driving is mandatory pursuant to N.C.G.S. § 20-138.5(d), the legislature did not provide a mechanism for the restoration of a driver's license following a conviction for habitual impaired driving, and N.C.G.S. § 20-25 creates no right to appeal a revocation under N.C.G.S. § 20-138.5(d) because that statute appears in Article 3 rather than Article 2.

Appeal by plaintiff from judgment entered 11 December 1998 by Judge L. Todd Burke in Superior Court, Forsyth County. Heard in the Court of Appeals 15 February 2000.

*David R. Tanis for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Associate Attorney General Kimberly P. Hunt, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Michael Gray Cooke ("plaintiff") appeals the dismissal of his complaint pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.

Plaintiff was convicted of Driving While Impaired on 6 January 1988, 15 April 1988, and 6 July 1992. As a result of operating a moped on 25 August 1993 while impaired, plaintiff was convicted of Habitual Impaired Driving, and his license was permanently revoked pursuant to North Carolina General Statutes section 20-138.5. Plaintiff filed suit against Janice Faulkner in her capacity as Commissioner of the North Carolina Division of Motor Vehicles ("defendant") seeking reinstatement of his license or a hearing to consider reinstatement of his license. Defendant filed an answer and motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

Following a hearing on defendant's motion, the trial court made the following findings of fact:

1. [Plaintiff] was convicted of habitual impaired driving pursuant to N.C. Gen. Stat. § 20-138.5.

2. As required by N.C. Gen. Stat. § 20-138.5(d), [defendant] permanently revoked [plaintiff's] license after receiving notice of [plaintiff's] habitual impaired driving conviction.

Based on its findings of fact, the trial court made the following conclusions of law:

1. The revocation of [plaintiff's] license, in accordance with N.C. Gen. Stat. § 20-138.5, was mandatory.

2. Unlike other statutes in Chapter 20 which specifically provide for the restoration of an individual's license after a permanent revocation, (i.e. N.C. Gen. Stat. § 20-19), N.C. Gen. Stat. § 20-138.5

does not provide for the restoration of an individual's license who has been found guilty of habitual impaired driving.

3. Therefore, the court lacks subject matter jurisdiction on the above captioned action. [Plaintiff] has no right for judicial review of the mandatory revocation.

4. Because there is no statutory authority for the restoration of a driver's license after a permanent revocation under N.C. Gen. Stat. § 20-138.5, [plaintiff] has failed to state a claim upon which relief may be granted.

Based on its conclusions of law, the trial court entered an order granting defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.

The dispositive issue on appeal is whether the trial court lacked subject matter jurisdiction to hear plaintiff's claim.

Plaintiff contends that the trial court was vested with subject matter jurisdiction over the action in that North Carolina General Statutes section 20-25 provides:

> Any person denied a license or whose license has been canceled, suspended or revoked by the Division, except where such cancellation is mandatory under the provisions of this Article, shall have a right to file a petition within 30 days thereafter for a hearing in the matter in the superior court . . . or to the resident judge of the district . . . and such court or judge is hereby vested with jurisdiction and it shall be its or his duty to set the matter for hearing upon 30 days' written notice to the Division, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Article.

N.C. Gen. Stat. § 20-25 (1999). We cannot agree.

The appellate court reviews *de novo* an order of the trial court allowing a motion to dismiss for lack of subject matter jurisdiction, but the trial court's findings of fact are binding on appeal if supported by competent evidence. *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998). "A court has jurisdiction over the subject matter if it has the power to hear and determine cases of the general class

to which the action in question belongs." *Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 324, 244 S.E.2d 164, 165 (1978).

Plaintiff's license was revoked pursuant to North Carolina General Statutes section 20-138.5, which provides: "A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense." N.C. Gen. Stat. § 20-138.5(a) (1999). "A person convicted [of Habitual Impaired Driving] shall have his license permanently revoked." N.C.G.S. § 20-138.5(d).

Several statutory provisions which pertain to the permanent revocation of a driver's license provide a mechanism for the restoration of a driver's license. *See, e.g.*, N.C. Gen. Stat. § 20-28(c) (1999). In contrast, the statutory provision in issue, section 20-138.5, does not provide such a mechanism. Following a conviction for habitual impaired driving, permanent revocation is mandatory and the trial court lacks the authority to provide relief.

In *Palmer v. Wilkins, Com'r of Motor Vehicles*, 73 N.C. App. 171, 325 S.E.2d 697 (1985), this Court held that where suspension of a driver's license is mandated by statute, and the General Assembly has not provided for any appeal from said suspension, then the trial court lacks subject matter jurisdiction to review the suspension. In *Palmer*, the petitioner, who held a North Carolina driver's license, failed to comply with a speeding citation issued in a reciprocating state. The petitioner's license was suspended pursuant to section 20-4.20(b): "[T]he Commissioner *shall* forwith suspend such person's license." N.C. Gen. Stat. § 20-4.20(b) (1999) (emphasis added).

Section 20-4.20 appears in Article 1B of Chapter 20. However, like plaintiff in the present case, the petitioner in *Palmer* argued that he was entitled to a hearing pursuant to North Carolina General Statutes section 20-25, which appears in Article 2. The *Palmer* court held that section 20-25 "empowers courts only to decide whether suspension under Article 2 is appropriate[.]" *Palmer*, 73 N.C. App. at 173, 325 S.E.2d at 698. Noting that the legislature did not provide for appeals from section 20-4.20, the *Palmer* court concluded that the trial court lacked subject matter jurisdiction to entertain the petitioner's appeal.

We believe that the reasoning and holding in *Palmer* are applicable in the case at bar. As stated above, where a person has been con-

victed of Habitual Impaired Driving, permanent revocation of a driver's license is mandatory pursuant to section 20-138.5(d). In its wisdom, the legislature did not provide a mechanism for the restoration of a driver's license to an individual who is convicted of Habitual Impaired Driving. As section 20-138.5 appears in Article 3 rather than Article 2, section 20-25 creates no right to appeal a revocation under section 20-138.5. We conclude that the trial court did not err in finding that it lacked subject matter jurisdiction to hear plaintiff's claim.

Having concluded that the trial court properly dismissed plaintiff's claim for lack of subject matter jurisdiction, we do not need to address whether the trial court erred in finding that plaintiff failed to state a claim on which relief could be granted for purposes of Rule 12(b)(6).

For the foregoing reasons, we find that the trial court did not err in dismissing plaintiff's claim on the merits based on lack of subject matter jurisdiction.

Affirmed.

Judges GREENE and WALKER concur.