BEATRIZ BAUMANN-CHACON, Plaintiff v. KARSTEN BAUMANN, Defendant

No. COA10-359

(Filed 17 May 2011)

**1. Child Custody and Support— parents not yet separated— subject matter jurisdiction**

The trial court erred by dismissing claims for child custody and support for lack of subject matter jurisdiction where the parties had not yet separated.

**2. Divorce— post-separation support— pre-separation claim— no subject matter jurisdiction** The trial court correctly dismissed a claim for post separation spousal support for lack of subject matter jurisdiction where the parties had not yet separated. The relevant statutory language clearly presupposed that the parties had already separated.

Appeal by plaintiff from judgment entered 19 January 2010 by Judge Lori Christian in Wake County District Court. Heard in the Court of Appeals 1 November 2010.

*Ellis Family Law, PLLC, by Alyscia G. Ellis, for Plaintiff.*

ERVIN, Judge.

Plaintiff Beatriz Baumann-Chacon appeals from a judgment dismissing her claims for child custody, child support, and spousal support on the grounds that the trial court lacked jurisdiction over the subject matter of those claims. After careful consideration of Plaintiff's challenges to the trial court's judgment in light of the record and the applicable law, we find no error in the trial court's decision to dismiss Plaintiff's spousal support claim. On the other hand, we conclude that the trial court's decision to dismiss Plaintiff's claims for child custody and child support on subject matter jurisdiction grounds should be reversed and that this case should be remanded to the trial court for further proceedings not inconsistent with this opinion.

## I. Factual Background

Plaintiff and Defendant Karsten Baumann were married on 5 November 1994. Two children were subsequently born of the parties' marriage.

On 29 April 2009, Plaintiff filed a complaint against Defendant in the Wake County District Court seeking temporary and permanent custody of the parties' children, temporary and permanent child support, postseparation support and alimony, and attorney's fees.[1] As of the filing of Plaintiff's complaint, the parties had not separated. In her complaint, Plaintiff alleged that she "desire[d] to separate from [Defendant], but believes it is in the parties' and minor children's best interest that the issues set forth herein be resolved before said separation occurs[.]" On 7 July 2009, Defendant filed an answer in which he responded to the material allegations of Plaintiff's complaint; asserted a number of affirmative defenses; and counterclaimed for custody and child support.[2]

The issues raised by the parties' pleadings came on for hearing before the trial court at the 9 September 2009 session of Wake County District Court. After hearing the parties' testimony and the arguments of counsel, the trial court entered an order on 19 January 2010 in which it made the following findings of facts:

1. Both parties are residents of Wake County, North Carolina, and have so resided for at least six (6) months prior to the commencement of this action.

2. The parties were married on November 5, 1994 and were currently married and still residing together with their minor children in the marital home on the date of the hearing (September 9, 2009).

3. Two children were born of the marriage[.]

4. Neither party filed a claim for divorce from bed and board in the instant action.

---

1. Plaintiff's claim for attorney's fees rests on N.C. Gen. Stat. §§ 50-13.6 and 50-16.4, which authorize such relief in the event that a litigant successfully prosecutes child support, child custody, or spousal support claims and meets any other applicable conditions for such an award. As a result, we need not give separate consideration to the viability of Plaintiff's claim for attorney's fees, which rises or falls with her claims for child custody, child support, and spousal support.

2. Defendant did not raise a subject matter jurisdictional challenge to any of Plaintiff's claims in his answer. However, since the absence of subject matter jurisdiction is not a waivable defense, *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (stating that "[s]ubject matter jurisdiction 'cannot be conferred upon a court by consent, waiver or estoppel,' " so that a " 'failure to . . . object to the [lack of] jurisdiction is immaterial' ") (quoting *In re Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967), we are required to address Plaintiff's claims on the merits despite the fact that Defendant did not raise a subject matter jurisdiction defense in the court below.

5. Plaintiff made no written allegations of marital misconduct on the part of Defendant in her complaint. Her financial affidavit listed her current expenses and her "anticipated" expenses, which she testified were estimates of the expenses she would incur after moving out of the marital residence.

6. Plaintiff desires to separate from Defendant and requested that the Court enter temporary orders on child custody, child support and post separation support prior to her leaving the residence and obtaining alternate housing.

7. Plaintiff has not asked the Court to remove the Defendant from the marital home.

8. Plaintiff testified that [she] did not wish to vacate the marital home herself without having a ruling on temporary child custody before she moved out.

Based on these findings of fact, the trial court concluded as a matter of law that:

1. This Court has personal jurisdiction over the parties to this action; however, this Court does not have subject matter jurisdiction in the instant action under the circumstances existing at the time this matter was called for trial on September 9, 2009 because there was no evidence of a physical separation and there was no pending claim by Plaintiff for divorce from bed and board or possession of the marital residence.

2. The Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

Plaintiff noted an appeal to this Court from the trial court's judgment.

## II. Legal Analysis

On appeal, Plaintiff argues that the trial court erred by dismissing her claims for child custody, child support, and postseparation support on subject matter jurisdiction grounds. We review the trial court's decision utilizing a *de novo* standard of review. *Cooke v. Faulkner*, 137 N.C. App. 755, 757, 529 S.E.2d 512, 513-14 (2000) (stating that an "appellate court reviews *de novo* an order of the trial court allowing a motion to dismiss for lack of subject matter jurisdiction, but the trial court's findings of fact are binding on appeal if supported by competent evidence") (citation omitted). After reviewing the trial court's order in a manner consistent with the applicable standard of

review, we conclude that Plaintiff's challenge to the dismissal of her child custody and child support claims has merit and that the trial court correctly dismissed her spousal support claim. As a result, we affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand this case to the Wake County District Court for further proceedings not inconsistent with this opinion.

## A. Subject Matter Jurisdiction

A court must, in order to properly decide a case, have jurisdiction over the type of case under consideration. *Boyles v. Boyles*, 308 N.C. 488, 491, 302 S.E.2d 790, 793 (1983) (explaining that subject matter jurisdiction is "the power to pass on the merits of the case") (citations omitted). *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (stating that " 'subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act' ") (quoting *Stafford v. Gallops*, 123 N.C. 19, 21-22, 31 S.E. 265, 266 (1898)). The General Assembly is, "within constitutional limitations, [empowered to] fix and circumscribe the jurisdiction of the courts of this State." *In re T.R.P.*, 360 N.C. at 590, 636 S.E.2d at 790 (quoting *Bullington v. Angel*, 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941)). As a result, our decision in this case hinges upon a proper construction of the statutory provisions governing claims for child custody, child support, and spousal support.

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671, 119 S. Ct. 1576 (1999)). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted). "Individual expressions must be construed as part of the composite whole and be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *State v. Tew*, 326 N.C. 732, 739, 392 S.E.2d 603, 607 (1990) (citing *In re Hardy*, 294 N.C. 90, 240 S.E.2d 367 (1978)). "The Court may also consider the policy objectives prompting passage of the statute and should avoid a construction which defeats or impairs the purpose of the statute." *O & M Indus. v. Smith Eng'r. Co.*, 360 N.C. 263, 268, 624 S.E.2d 345, 348 (2006) (citing *Elec. Supply Co. of Durham v. Swain Electrical Co.*,

328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991)). Thus, we will attempt to construe the relevant statutory provisions utilizing these well-established rules of construction.

## B. Child Custody and Child Support

[1] According to N.C. Gen. Stat. § 50-13.1(a), "[a]ny parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child[.]" Similarly, N.C. Gen. Stat. § 50-13.4(a) provides that "[a]ny parent, or any person, agency, organization or institution having custody of a minor child, or bringing an action or proceeding for the custody of such child, or a minor child by his guardian may institute an action for the support of such child[.]" N.C. Gen. Stat. § 50-13.5(a) delineates the proper "procedure [for use] in actions for custody and support of minor children[,]" so we will consider Plaintiff's challenge to the trial court's ruling concerning her child custody and child support claims in combination.

An action for custody or support of children may be brought as "a civil action[,]" separate and apart from an action for "annulment . . .[,] divorce, either absolute or from bed and board, or . . . alimony without divorce." N.C. Gen. Stat. § 50-13.5(b). In addition, N.C. Gen. Stat. § 50-13.5(c) specifically provides that "[t]he jurisdiction of the courts of this State to enter orders providing for the support of a minor child shall be as in actions or proceedings for the payment of money or the transfer of property," N.C. Gen. Stat. § 50-13.5(c)(1), and that "[t]he courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child under [N.C. Gen. Stat. §§ 50A-201, 50A-202, and 50A-204]", none of which have any bearing on the exact issue before us in this case. N.C. Gen. Stat. § 50-13.5(c)(2). Finally, the General Assembly has clearly stated that "[o]rders for custody and support of minor children may be entered when the matter is before the court as provided by this section, irrespective of the rights of the wife and the husband as between themselves in an action for annulment or an action for divorce, either absolute or from bed and board, or an action for alimony without divorce." N.C. Gen. Stat. § 50-13.5(g).

Based upon our examination of the relevant provisions of N.C. Gen. Stat. §§ 50-13.1 and 50-13.5, we are unable to agree with the trial court's conclusion that, absent "physical separation . . . [or a claim for] divorce from bed and board or possession of the marital residence[,]" courts lack subject matter jurisdiction over claims for custody or child support. Aside from our inability to identify any support

for such an interpretation in the relevant statutory language, our conclusion[3] that the trial court's decision was in error is reinforced by the history of the applicable statutory provisions and the reasons underlying their enactment.

Prior to its repeal and replacement with new statutory language in 1967, N.C. Gen. Stat. § 50-13 specifically provided that custody-related issues could be litigated in instances involving either a divorce or separation. 1967 N.C. Sess. Law ch. 1153, § 1. The General Assembly's decisions to repeal this statutory limitation on the availability of child custody and child support actions and to refrain from including similar language in the replacement legislation strongly suggests that the General Assembly did not intend to preclude the litigation of child custody and child support issues outside the context of physical separation or the institution of an action for divorce from bed and board, particularly given the language contained in N.C. Gen. Stat. § 50-13.5(b) stating that custody and support claims may be maintained in "a civil action" without the necessity for joinder with other claims typically asserted at the time that a party seeks the dissolution of the marital relationship and the language contained in N.C. Gen. Stat. § 50-13.5(g) indicating the irrelevance "of the rights of the wife and the husband as between themselves" to a trial court's ability to enter orders addressing child custody and child support claims. Thus, aside from the absence of any language in the relevant statutory provisions that supports the trial court's decision, nothing in what we have been able to discern concerning the General Assembly's intent suggests the existence of a jurisdictional limitation on the availability of child custody and child support actions like that upon which the trial court relied.

The fact that Plaintiff and Defendant continued to live within the same residence at the time of the hearing before the trial court does not require us to reach a different result. According to N.C. Gen. Stat. § 50-13.4(e), a trial court is authorized to address possession of the marital home in awarding child support without any indication that a divorce, either absolute or from bed and board, or separation is a necessary precondition for such an award. N.C. Gen. Stat. § 50-13.4(e) (stating that "[p]ayment for the support of a minor child shall be paid by lump sum payment, periodic payments, or by transfer of title or

---

3. Our reading of the relevant statutory provisions is consistent with our decision in *Freeman v. Freeman*, 103 N.C. App. 801, 803, 407 S.E.2d 262, 263 (1991), in which we stated that "N.C. Gen. Stat. § 50-13.4(a) does not specifically require a judicial determination of custody before a person or agency can bring an action for support." *Id.* (citing *Craig v. Kelley*, 89 N.C. App. 458, 366 S.E.2d 249 (1988)).

possession of personal property of any interest therein, or a security interest in or possession of real property, as the court may order"); *see also Martin v. Martin*, 35 N.C. App. 610, 615, 242 S.E.2d 393, 396-97 (stating that "[w]e have previously rejected the contention that our courts may not award possession of real estate as a part of child support" on the theory that " 'shelter is a necessary component of a child's needs and in many instances it is more feasible for a parent to provide actual shelter as part of his child support obligations than it is for the parent to provide monetary payments to obtain shelter' " ) (citing *Arnold v. Arnold*, 30 N.C. App. 683, 685, 228 S.E.2d 48, 50 (1976), and quoting *Boulware v. Boulware*, 23 N.C. App. 102, 103, 208 S.E.2d 239, 240-41 (1974)), *cert. denied*, 295 N.C. 261, 245 S.E.2d 778 (1978); Suzanne Reynolds, 1 *Lee's North Carolina Family Law* § 6.23(A) (5th ed. 1993) (stating that "a court may order possession of real property as a payment of child support or as a way to effectuate an order for custody"). In light of the absence of any indication in the relevant statutory language that the parents must have physically separated or initiated an action for divorce from bed and board as a precondition for the entry of an order awarding the marital residence as a component of child support, we find further evidence that the General Assembly did not intend to require physical separation or the initiation of an action for divorce from bed and board as a precondition for the maintenance of claims for child custody and child support.

Finally, the policy justifications for child custody and child support awards militate in favor of a determination that relief is available pursuant to N.C. Gen. Stat. §§ 50-13.1 and 50-13.4 even if the parties are not living separate and apart and have not initiated an action for

---

4. In *Harper v. Harper*, 50 N.C. App. 394, 398, 273 S.E.2d 731, 734 (1981), this Court addressed a trial court's ability, "in the absence of allegations . . . that would also support an award of alimony or divorce[,]" to permit one spouse to "maintain an action to evict the other, get sole custody of the children and obtain an order for child support," essentially declining to allow "what appear[ed] to be for most practical purposes, a 'no fault' divorce from bed and board.' " In reaching this conclusion, we stated that, while "[t]he law cannot require [the wife] to live with her husband, . . . it will not allow her to evict him." *Harper*, 50 N.C. App. at 400, 273 S.E.2d at 735. We do not believe that our decision in *Harper* stands as an insurmountable obstacle to the relief requested by Plaintiff in this case given that Plaintiff has not sought to "evict" Defendant and is, as a result of our decision here, limited to claims for child custody and child support, which may or may not be successful depending on the facts that are ultimately established when Plaintiff's claim is heard and decided on the merits. In addition, given that the General Assembly amended N.C. Gen. Stat. § 50-13.4(e) to explicitly allow a trial court to award possession of the marital residence as an element of child support after our decision in *Harper*, it is clear that the General Assembly reiterated the paramount importance of ensuring adequate support for minor children shortly after *Harper* was decided.

divorce from bed and board. In essence, the purpose of actions for child custody and child support is, consistently with the law's overriding interest in protecting minor children, to assure that the needs of such children are adequately met. *See Price v. Howard*, 346 N.C. 68, 72, 484 S.E.2d 528, 530 (1997) (discussing the "state's well-established interest in protecting the welfare of children"). Although there is no question but that, in most instances, the entry of a formal order addressing child custody and child support issues would be unnecessary in the event that the children's parents are living together and providing adequate support for their children, we are able to foresee situations, such as the one at issue here, where that might not necessarily be the case. In particular, there might be merit in having child custody and child support issues adjudicated prior to separation in order to ensure that the children of the separating parents are properly addressed. As a result, particularly given the general principle that "[a] court having jurisdiction of children located within the state surely has the inherent authority to protect those children and make such temporary orders as their best interests may require[,]" *MacKenzie v. MacKenzie*, 21 N.C. App. 403, 407, 204 S.E.2d 561, 563 (1974), we find that child custody and child support claims are not precluded by the fact that Plaintiff and Defendant have neither physically separated nor asserted divorce from bed and board claims against each other and that the trial court erred by dismissing Plaintiff's child custody and child support claims on subject matter jurisdiction grounds.

## C. Spousal Support

[2] Spousal support claims, whether in the form of claims for postseparation support, alimony, or both, are readily distinguishable from child custody and child support claims in that they relate to the economic needs of dependent spouses rather than the custody and care of minor children. For that reason, we reach a different result with respect to the issue of the necessity for a physical separation or the initiation of an action for divorce from bed and board as a prerequisite for the maintenance of a spousal support claim and, for that and other reasons, affirm the trial court's decision to dismiss Plaintiff's spousal support claim on jurisdictional grounds.

The General Assembly has defined postseparation support as "spousal support to be paid until the earlier of any of the following:

   a. The date specified in the order for postseparation support.

   b. The entry of an order awarding or denying alimony.

c. The dismissal of the alimony claim.

d. The entry of a judgment of absolute divorce if no claim of alimony is pending at the time of entry of the judgment of absolute divorce.

e. Termination of postseparation support as provided in [N.C. Gen. Stat. §] 50-16.9(b). Postseparation support may be ordered in an action for divorce, whether absolute or from bed and board, for annulment, or for alimony without divorce. However, if postseparation support is ordered at the time of the entry of a judgment of absolute divorce, a claim for alimony must be pending at the time of the entry of the judgment of divorce.

N.C. Gen. Stat. § 50-16.1A(4). Alimony is defined as "payment for the support and maintenance of a spouse or former spouse, periodically or in a lump sum, for a specified or for an indefinite term, ordered in an action for divorce, whether absolute or from bed and board, or in an action for alimony without divorce." N.C. Gen. Stat. § 50-16.1A(1). As a result of the fact that Plaintiff's appellate challenge to the trial court's order focuses exclusively on the dismissal of her claim for postseparation support, we limit our discussion to a determination of whether "[a] trial court [has] subject matter jurisdiction to award post separation support pre-date of separation of the parties."

N.C. Gen. Stat. § 50-16.2A provides that:

(a) In an action brought pursuant to Chapter 50 of the General Statutes, either party may move for postseparation support. The verified pleading, verified motion, or affidavit of the moving party shall set forth the factual basis for the relief requested.

(b) In ordering postseparation support, the court shall base its award on the financial needs of the parties, considering the parties' accustomed standard of living, the present employment income and other recurring earnings of each party from any source, their income-earning abilities, the separate and marital debt service obligations, those expenses reasonably necessary to support each of the parties, and each party's respective legal obligations to support any other persons.

(c) Except when subsection (d) of this section applies, a dependent spouse is entitled to an award of postseparation

support if, based on consideration of the factors specified in subsection (b) of this section, the court finds that the resources of the dependent spouse are not adequate to meet his or her reasonable needs and the supporting spouse has the ability to pay.

(d) At a hearing on postseparation support, the judge shall consider marital misconduct by the dependent spouse occurring prior to or on the date of separation in deciding whether to award postseparation support and in deciding the amount of postseparation support. When the judge considers these acts by the dependent spouse, the judge shall also consider any marital misconduct by the supporting spouse in deciding whether to award postseparation support and in deciding the amount of postseparation support.

(e) Nothing herein shall prevent a court from considering incidents of post date-of-separation marital misconduct as corroborating evidence supporting other evidence that marital misconduct occurred during the marriage and prior to date of separation.

A careful reading of this statutory language reveals the presence of no less than three references to the "date of separation." Based upon that fact, it appears to us that the General Assembly has not contemplated the availability of postseparation support in the event that the parties have not physically separated. As a result, despite Plaintiff's observation that the statute "makes no reference to any required timing for the filing of the [postseparation support] claim," we believe that the occurrence of a separation is presumed in the context of postseparation support claims.

The purpose of postseparation support is to ensure "subsistence for the [dependent spouse] during the period of separation." *Hester v. Hester*, 239 N.C. 97, 100, 79 S.E.2d 248, 251 (1953) (citing *Anderson v. Anderson*, 183 N.C. 139, 110 S.E. 863 (1922)). As a result, whenever there is a "reconciliation and resumption of marital relations in the home, the necessity for [such support] ceases[,]" so that "an allowance for temporary alimony falls[5]" upon the "reconciliation between husband and wife who have been living apart." *Id.* at 100, 79 S.E.2d at 250-51 (citations omitted). Although we understand the concerns that motivate Plaintiff to seek an award of spousal support

---

5. The purpose served at the time of our decision in *Hester* is now served by post-separation support.

before separating from Defendant, we cannot overlook the fact that the relevant statutory language clearly presupposes that the parties have already separated. Had the General Assembly intended that claims lodged pursuant to N.C. Gen. Stat. § 50-16.2A could be litigated and decided prior to separation, it would not have made so many references to the parties' separation in the relevant statutory language. As a result, we are unable to determine that the General Assembly authorized the maintenance of a claim for postseparation support under such circumstances. Thus, we conclude that the trial court correctly dismissed Plaintiff's claim for postseparation support on subject matter jurisdiction grounds.

### III. Conclusion

Therefore, for the reasons set forth above, we conclude that the trial court correctly dismissed Plaintiff's claim for postseparation support. However, we also conclude that the trial court erred by dismissing Plaintiff's claims for child custody and child support. As a result, we affirm the portion of the trial court's order that dismissed Plaintiff's claim for spousal support, reverse the trial court's order to the extent that it dismissed Plaintiff's claim for child custody and child support, and remand this case to the trial court for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Chief Judge MARTIN and Judge McGEE concur.