IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA14-633

 Filed: 7 April 2015

Union County, No. 13 CVS 2063

UNION COUNTY BOARD OF EDUCATION, Plaintiff,

 v.

UNION COUNTY BOARD OF COMMISSIONERS, Defendant.

 Appeal by defendant from judgment entered 10 October 2013 by Judge W.

Erwin Spainhour in Union County Superior Court. Heard in the Court of Appeals 2

December 2014.

 Schwartz & Shaw, P.L.L.C., by Richard Schwartz and Brian C. Shaw, for
 plaintiff-appellee.

 Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S.
 Hampson; and Perry, Bundy, Plyler, Long & Cox, LLP, by H. Ligon Bundy and
 Christopher Cox, for defendant-appellant.

 Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Jill R. Wilson and
 Julia C. Ambrose; and the North Carolina School Boards Association, by
 Allison B. Schafer and Christine T. Scheef, on behalf of the North Carolina
 School Boards Association, amicus curiae.

 Smith Moore Leatherwood LLP, by Elizabeth Brooks Scherer, Matthew Nis
 Leerberg, and Thomas E. Terrell, Jr., on behalf of the North Carolina
 Association of County Commissioners, amicus curiae.

 McCULLOUGH, Judge.

 The Union County Board of Commissioners (“defendant”) appeals from a

judgment ordering it to appropriate additional funds to the Union County Board of
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

Education’s (“plaintiff”) local current expense and capital outlay funds for the 2013-

2014 fiscal year. For the following reasons, we grant a new trial.

 I. Background

 This case concerns funding provided by defendant to plaintiff for the 2013-2014

fiscal year. The School Budget and Fiscal Control Act (the “Act”), N.C. Gen. Stat. §

115C-422 et seq., governs such funding.

 In general, the Act requires that “[e]ach local school administrative unit shall

operate under an annual balanced budget resolution[,]” N.C. Gen. Stat. § 115C-425(a)

(2013), which shall include at least the following funds: the State Public School Fund;

the local current expense fund; and the capital outlay fund. N.C. Gen. Stat. § 115C-

426(c) (2013). Pertinent to this case,

 The local current expense fund shall include
 appropriations sufficient, when added to appropriations
 from the State Public School Fund, for the current
 operating expense of the public school system in conformity
 with the educational goals and policies of the State and the
 local board of education, within the financial resources and
 consistent with the fiscal policies of the board of county
 commissioners. These appropriations shall be funded by
 revenues accruing to the local school administrative unit
 by virtue of Article IX, Sec. 7 of the Constitution, moneys
 made available to the local school administrative unit by
 the board of county commissioners, supplemental taxes
 levied by or on behalf of the local school administrative unit
 pursuant to a local act or [N.C. Gen. Stat. §§] 115C-501 to
 115C-511, State money disbursed directly to the local
 school administrative unit, and other moneys made
 available or accruing to the local school administrative unit
 for the current operating expenses of the public school

 2
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 system.

N.C. Gen. Stat. § 115C-426(e).

 The capital outlay fund shall include appropriations for:

 (1) The acquisition of real property for school purposes,
 including but not limited to school sites, playgrounds,
 athletic fields, administrative headquarters, and
 garages.

 (2) The acquisition, construction, reconstruction,
 enlargement, renovation, or replacement of buildings
 and other structures, including but not limited to
 buildings for classrooms and laboratories, physical and
 vocational educational purposes, libraries, auditoriums,
 gymnasiums, administrative offices, storage, and
 vehicle maintenance.

 (3) The acquisition or replacement of furniture and
 furnishings, instructional apparatus, data-processing
 equipment, business machines, and similar items of
 furnishings and equipment.

 (4) The acquisition of school buses as additions to the
 fleet.

 (5) The acquisition of activity buses and other motor
 vehicles.

 (6) Such other objects of expenditure as may be
 assigned to the capital outlay fund by the uniform
 budget format.

 ....

 Appropriations in the capital outlay fund shall be funded
 by revenues made available for capital outlay purposes by
 the State Board of Education and the board of county
 commissioners, supplemental taxes levied by or on behalf
 of the local school administrative unit pursuant to a local

 3
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 act or [N.C. Gen. Stat. §§] 115C-501 to 115C-511, the
 proceeds of the sale of capital assets, the proceeds of claims
 against fire and casualty insurance policies, and other
 sources.

N.C. Gen. Stat. § 115C-426(f).

 Furthermore, plaintiff and defendant are encouraged under the Act “to conduct

periodic joint meetings during each fiscal year[]” “[i]n order to promote greater

mutual understanding of immediate and long-term budgetary issues and

constraints[.]” N.C. Gen. Stat. § 115C-426.2 (2013). “In particular, the boards are

encouraged to assess the school capital outlay needs, to develop and update a joint

five-year plan for meeting those needs, and to consider this plan in the preparation

and approval of each year's budget under [the Act].” Id. Concerning budgets, the Act

outlines a process and timeline for the preparation, proposal, approval, and

submission by plaintiff to defendant of each year’s budget; as well as defendant’s

action on plaintiff’s proposed budget. See N.C. Gen. Stat. §§ 115C-427 to -429.

 In the present case, on 15 April 2013, plaintiff submitted its proposed budget

for the 2013-2014 fiscal year to defendant in accordance with the requirements of

N.C. Gen. Stat. § 115C-429(a).1 In the budget, plaintiff requested $86,180,152 in local

current expense funding and $8,357,859 in capital outlay funding. Upon review of

plaintiff’s proposed budget, on 17 June 2013, defendant adopted the county 2013-2014

 1 “Fiscal year” is defined in the Act as “the annual period for the compilation of fiscal
operations. The fiscal year begins on July 1 and ends on June 30.” N.C. Gen. Stat. § 115C-423(4)
(2013).

 4
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

budget ordinance. The budget ordinance included appropriations to plaintiff in the

amount of $82,260,408 for local current expense and $3,000,000 for capital outlay,

resulting in shortfalls of $3,919,744 for local current expense and $5,357,859 for

capital outlay.

 In response to the county 2013-2014 budget ordinance, on 18 June 2013,

plaintiff adopted a resolution in which it determined “the amounts of money

appropriated by [defendant] for the 2013-2014 school year to [plaintiff’s] local current

expense fund and capital outlay fund [were] not sufficient . . . to support a system of

free public schools[.]” Thus, plaintiff directed its Chairman, superintendent, and

attorneys to take the appropriate steps under N.C. Gen. Stat. § 115C-431 to resolve

the budget dispute. In reaching the determination that the appropriations by

defendant were inadequate, plaintiff indicated that, in addition to considering the

amount of funds appropriated by defendant and defendant’s ability to provide

additional funding, it “considered the cumulative effect of the County of Union’s

inadequate appropriations for current expense and capital outlay in the preceding

fiscal years[.]”

 In accordance with the procedures set forth in N.C. Gen. Stat. § 115C-431(a)

and (b), plaintiff and defendant participated in a joint meeting on 24 June 2013 in an

attempt to resolve the budget dispute. When the parties failed to reach an agreement

at the joint meeting, the parties participated in mediation sessions on 24 June,

 5
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

28 June, and 31 July 2013. The mediation efforts concluded on 31 July 2013 with the

mediator declaring an impasse.

 The following day, 1 August 2013, plaintiff initiated this action against

defendant pursuant to N.C. Gen. Stat. § 115C-431(c). In plaintiff’s complaint,

plaintiff sought “a determination of (i) the amount of money legally necessary from

all sources and (ii) the amount of money legally necessary from [defendant], in order

to maintain a system of free public schools as defined by State law and State Board

of Education policy.”

 Defendant responded to plaintiff’s complaint by answer filed 12 August 2013,

the same day the case came on for trial in Union County Superior Court before the

Honorable W. Erwin Spainhour.

 Following a lengthy trial, on 10 October 2013, the jury returned a verdict

finding that $326,498,487 in current expense funding and $89,184,005 in capital

outlay funding was legally necessary from all sources in order to maintain a system

of free public schools. The jury also found that an additional $4,973,134 in current

expense funding and an additional $86,184,005 in capital outlay funding, beyond the

amounts already appropriated by defendant, was legally necessary from defendant

in order to maintain a system of free public schools.

 The trial court entered judgment on the jury verdict ordering defendant “to

appropriate to the local current expense fund of . . . [p]laintiff . . . the additional

 6
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

amount of $4,973,134 for fiscal year 2013-2014, above that amount appropriated in

the Union County Budget Ordinance adopted on June 17, 2013[]” and “to appropriate

to the capital outlay fund of . . . [p]laintiff . . . the additional amount of $86,184,005

for fiscal year 2013-2014, above that amount appropriated in the Union County

Budget Ordinance adopted on June 17, 2013.” The trial court also authorized

defendant, in accordance with N.C. Gen. Stat. § 115C-431, “to levy such taxes on

property as it may choose to make up the difference, if any, when added to other

revenues available for these purposes.” Defendant filed notice of appeal from the

judgment on 17 October 2013.

 II. Discussion

 Defendant raises the following four issues on appeal: whether the trial court

erred by (1) allowing plaintiff to argue an improper legal standard in its opening

statements; (2) allowing plaintiff to present evidence of claimed needs outside the

scope of plaintiff’s proposed budget for the 2013-2014 fiscal year; (3) denying

defendant’s motions for a directed verdict; and (4) instructing the jury to apply a

broad rather than restrictive definition of the amount legally necessary to maintain

a system of free public schools in Union County.

 1. Plaintiff’s Opening Statements

 Defendant first argues the trial court erred by allowing plaintiff to argue an

improper legal standard in plaintiff’s opening statements. As both parties agree, we

 7
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

review the trial court’s decisions regarding opening statements for an abuse of

discretion. See State v. Speller, 345 N.C. 600, 606, 481 S.E.2d 284, 287 (1997) (“The

control of opening statements rests in the discretion of the trial court.”).

 During opening statements in this case, plaintiff stated the following while

explaining the issues to be decided by the jury:

 The issue that you’re going to be asked to decide is
 the amount of money needed from the Commissioners to
 maintain the schools. It’s not the amount of money needed
 to open the doors. That’s not the standard. The standard
 is higher than that. We’re going to open the doors. Come
 hell or high water, we’re going to open the doors when those
 kids come. I’m going to get that off the table right now. So
 that’s not an issue. But the standard is much higher than
 that, and the expectations are much higher than that. So
 the amount needed is now in your hands. It’s up to you to
 determine. It’s entirely up to you.

 The Courts have made clear that the amount needed
 is not that which is absolutely necessary; it’s that which is
 legally necessary, and reasonable and useful for the
 purposes sought. In making your decision, you have an
 opportunity to touch the future --

Upon hearing plaintiff’s explanation of “the amount needed,” defendant objected on

the basis that plaintiff incorrectly stated the legal standard. The trial court, however,

allowed plaintiff to continue without correction, stating, “[w]ell, it’s [sic] opening

statement. We’ll see where -- what the evidence will show.” Now on appeal,

defendant contends the trial court erred because plaintiff’s statement of the legal

standard was similar to that rejected by our Supreme Court in Beaufort Cnty. Bd. of

Educ. v. Beaufort Cnty. Bd. of Comm’rs, 363 N.C. 500, 681 S.E.2d 278 (2009).

 8
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 At the time Beaufort was decided, in any action brought to resolve a budget

dispute pursuant to N.C. Gen. Stat. § 115C-431(c), “the trial court [was] charged to

‘find the facts as to the amount of money necessary to maintain a system of free public

schools, and the amount of money needed from the county to make up this total.’ ”

Id. at 503, 681 S.E.2d at 281 (quoting N.C. Gen. Stat. § 115C-431(c) (2007)).

 In Beaufort, our Supreme Court addressed the constitutionality of the

statutory framework in N.C. Gen. Stat. § 115C-431(c) for resolving budget disputes

and reviewed whether the statutory framework was properly applied in the case. Id.

at 502, 681 S.E.2d at 280. In doing so, the Court considered “the meaning of the terms

‘necessary’ and ‘needed,’ as used in [N.C. Gen. Stat. § 115C-]431(c), in light of Article

IX, Section 2(2) of the State Constitution.” Id. at 505, 681 S.E.2d at 283. Upon

recognizing the terms were “susceptible to reasonable interpretations of varying

strictness,” and that, “[i]f a fact-finder were to interpret ‘necessary’ or ‘needed’ in

[N.C. Gen. Stat. § 115C-]431(c) expansively, there [was] a danger that the resulting

verdict could intrude on a county commission's funding discretion under Article IX,

Section 2(2) . . . [,]” the Court adopted a restrictive interpretation of the terms

“necessary” and “needed.” Id. at 505-06, 681 S.E.2d at 283. The Court explained

that, “[s]o construed, [N.C. Gen. Stat. § 115C-]431(c)'s requirement that county

commissions provide the minimum level of funding required by state law does not

abrogate their discretionary authority to contribute more.” Id.

 9
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 Our Supreme Court then addressed whether the Beaufort trial court erred

when it “instructed the jury that the word ‘needed’ in [N.C. Gen. Stat. § 115C-]431(c)

means that which is reasonable and useful and proper or conducive to the end

sought.” Id. at 507, 681 S.E.2d at 283 (quotation marks omitted). Having determined

a restrictive interpretation of the terms “necessary” and “needed” was necessary to

preserve the discretionary authority of county commissions, the Court held the

instruction to the jury in Beaufort “conveyed an impermissible, expansive definition”

and was in error. Id. Thus, the Court remanded the case for a new trial noting the

following:

 At that trial, the trial court should instruct the jury that
 [N.C. Gen. Stat. § 115C-]431(c) requires the County
 Commission to provide that appropriation legally necessary
 to support a system of free public schools, as defined by
 Chapter 115C and the policies of the State Board. The trial
 court should also instruct the jury, in arriving at its verdict,
 to consider the educational goals and policies of the state,
 the budgetary request of the local board of education, the
 financial resources of the county, and the fiscal policies of
 the board of county commissioners. See [N.C. Gen. Stat.] §
 115C–426(e) (2007). Anything beyond this measure of
 damages impermissibly infringes upon the discretionary
 authority of the County Commission under Article IX,
 Section 2(2) of the State Constitution and may not be
 awarded by a jury.

Id. at 507, 681 S.E.2d at 283-84 (emphasis added).2

 2 Subsequent to the Beaufort decision and during the pendency of the current budget dispute,
prior to the filing of this case, the General Assembly amended N.C. Gen. Stat. § 115C-431(c) to reflect
the Court’s holding in Beaufort. Thus, N.C. Gen. Stat. § 115C-431(c) now charges the fact finder to

 10
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 As noted above, in this case, plaintiff stated to the jury during its opening

statements that the standard to be applied in determining the amount of funding “is

not that which is absolutely necessary; it’s that which is legally necessary, and

reasonable and useful for the purposes sought.” Although, the standard

communicated by plaintiff to the jury is similar to the one rejected in Beaufort,

plaintiff contends its use of the “reasonable and useful” language was not inconsistent

with Beaufort because the language was joined to the correct standard, “legally

necessary,” by the conjunction “and” and therefore did not supersede what was

“legally necessary.” While plaintiff’s argument is technically correct, we find

plaintiff’s statement of the standard to the jury misleading and, therefore, hold the

trial court erred in allowing plaintiff to communicate a standard that included

language mirroring that rejected in Beaufort. Nevertheless, we hold the error was

harmless.

 In charging the jury in Beaufort, the trial court instructed the jury to apply a

broad definition of “needed” and “necessary” to determine the amount of funding to

be awarded. In the present case, however, the overly broad language rejected in

Beaufort was only communicated to the jury in plaintiff’s opening statements.

Following weeks of evidence, the trial court instructed the jury that it must apply the

determine the amount of money “legally necessary” as opposed to the amount of money “needed” and
“necessary.” 2013 N.C. Sess. Laws 2013-141, sec. 1, eff. June 19, 2013.

 11
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

law it provides in the jury instructions and stated the proper legal standard as

follows:

 The issue to be decided by you, the jury, is as follows:

 “What amount of money is legally necessary from all
 sources and what amount of money is legally necessary
 from the board of county commissioners in order to
 maintain a system of free public schools as defined by state
 law and State Board of Education policy?”

(Emphasis added.) The trial court then repeatedly emphasized the proper legal

standard throughout its instructions to the jury without reference to the language

rejected in Beaufort. Moreover, the trial court provided the jury with verdict sheets

incorporating the correct legal standard. As a result of the trial court’s instructions

and the verdict sheets, we hold defendant was not prejudiced by plaintiff’s improper

statements during its opening statements to the jury.

 2. Evidence

 Defendant next argues the trial court erred by allowing plaintiff to present

evidence of claimed needs outside the scope of plaintiff’s proposed budget for the 2013-

2014 fiscal year.

 Generally, we review the trial court’s decisions regarding the admissibility of

evidence for abuse of discretion, see State v. Shuford, 337 N.C. 641, 649, 447 S.E.2d

742, 747 (1994), and “[e]videntiary errors are [considered] harmless unless . . . a

different result would have been reached at trial.” State v. Ferguson, 145 N.C. App.

302, 307, 549 S.E.2d 889, 893, disc. review denied, 354 N.C. 223, 554 S.E.2d 650

 12
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

(2001). Yet, a trial court’s rulings on relevancy are not technically discretionary and

therefore are not afforded as much deference. See Dunn v. Custer, 162 N.C. App. 259,

266, 591 S.E.2d 11, 17 (2004).

 On the day the case came on for trial, 12 August 2013, defendant filed a motion

in limine in which defendant sought to exclude the following:

 4. Any suggestion, information, documents,
 statements, or evidence of capital outlay needs
 that . . . [p]laintiff did not request . . . [d]efendant to fund
 in its 2013-2014 [fiscal year] budget, or information,
 documents, statement, or evidence of the future capital
 outlay needs of . . . [p]laintiff upon the grounds
 that . . . [p]laintiff is required by [N.C. Gen. Stat. §] 115C-
 521(b) to present its request for capital needs for each fiscal
 year with its annual budget, and [d]efendant has no duty
 to fund any item of [p]laintiff’s capital needs
 until . . . [p]laintiff has made a request for such needs.

 5. Any suggestion, information, documents,
 statements, or evidence that [d]efendant has failed to
 provide adequate funding for current expense and/or
 capital outlay in years preceding the 2013-2014 fiscal year,
 upon the grounds that the issue before the Court concerns
 whether . . . [d]efendant has adequately
 funded . . . [p]laintiff's proposed 2013-2014 budget request,
 in order for . . . [p]laintiff to “support a system of free public
 schools.” Plaintiff has the annual right and duty under
 [N.C. Gen. Stat. §] 115C-431 to institute a proceeding each
 year for additional funding if it determines that
 [d]efendant has not adequately provided sufficient local
 funds to support a system of free public schools for that
 fiscal year. Once [p]laintiff has accepted the money
 appropriated by [d]efendant for a fiscal year and has
 adopted its own budget, it has acknowledged that it has
 been adequately funded for that fiscal year, and may not
 later contend that it was inadequately funded for that year.

 13
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 During arguments on the motion, defendant explained to the trial court that

plaintiff indicated it had capital outlay needs beyond those in the proposed budget

and that it would seek additional capital outlay funding beyond the $5,357,859

portion of the proposed budget for capital outlay that defendant did not fund in the

county budget ordinance. Defendant indicated “that’s what [the] motion is directed

at; is [plaintiff’s] contention that they are entitled to present evidence and seek more

than they requested in their . . . [proposed budget].” Defendant then asserted plaintiff

was bound by the proposed budget for the 2013-2014 fiscal year.

 In response, plaintiff looked to the language of N.C. Gen. Stat. § 115C-431(c)

and argued the statute was specific and clear that “the issue to be submitted to the

jury is that the jury finds the amount needed to maintain a system of free public

schools[.]” Plaintiff then argued they should be able to present any evidence of the

actual needs of the school system without regard to its proposed budget for the 2013-

2014 fiscal year because there was nothing in N.C. Gen. Stat. § 115C-431(c)

restricting the jury’s consideration to the proposed budget. Plaintiff stated N.C. Gen.

Stat. § 115C-431 does not even mention the proposed budget as a consideration for

the jury.

 Upon considering the arguments, the trial court denied defendant’s motion,

reasoning that N.C. Gen. Stat. § 155C-431(c) was very specific and any evidence

relating to the amount of money legally necessary from all sources and the amount of

 14
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

money legally necessary from defendant to support the school system, regardless of

whether plaintiff requested funding for it in the proposed budget, should be

considered by the jury. Thereafter, over defendant’s objections at trial, the trial court

allowed plaintiff to present evidence outside the scope of its proposed budget for the

2013-2014 fiscal year.

 In order to determine whether the trial court erred in allowing evidence outside

the scope of plaintiff’s proposed budget for the 2013-2014 fiscal year, we must

determine the scope of the proceedings; specifically whether the proceedings are

limited to the proposed budget. Upon review, we hold the budget dispute proceedings

are limited to a consideration of the proposed budget for the fiscal year at issue and,

therefore, the trial court erred in this case by allowing evidence outside the scope of

plaintiff’s proposed budget for the 2013-2014 fiscal year into evidence at trial.

 In reaching this conclusion, we interpret N.C. Gen. Stat. § 115C-431(c) in the

context of the Act. As this Court explained in Baumann-Chacon v. Baumann,

 [t]he principal goal of statutory construction is to
 accomplish the legislative intent. The best indicia of that
 intent are the language of the statute . . . , the spirit of the
 act and what the act seeks to accomplish. Individual
 expressions must be construed as part of the composite
 whole and be accorded only that meaning which other
 modifying provisions and the clear intent and purpose of
 the act will permit. The Court may also consider the policy
 objectives prompting passage of the statute and should
 avoid a construction which defeats or impairs the purpose
 of the statute.

 15
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

212 N.C. App. 137, 140, 710 S.E.2d 431, 434 (2011) (quotation marks and citations

omitted); see also Shelton v. Morehead Mem’l Hosp., 318 N.C. 76, 81-82, 347 S.E.2d

824, 828 (1986) (“Legislative intent controls the meaning of a statute; and in

ascertaining this intent, a court must consider the act as a whole, weighing the

language of the statute, its spirit, and that which the statute seeks to accomplish.”).

 As stated in N.C. Gen. Stat. § 115C-424, “[i]t [was] the intent of the General

Assembly by enactment of [the Act] to prescribe for the public schools a uniform

system of budgeting and fiscal control.” N.C. Gen. Stat. § 115C-424 (2013). In order

to accomplish this goal, the Act provides a step-by-step budget process. In Beaufort,

our Supreme Court summarized the process as follows:

 The local school board first creates a budget setting out its
 estimate of the cost of providing education within its locale
 for the upcoming year and submits that budget to the
 county commission. See [N.C. Gen. Stat.] § 115C–429(a)
 (2007). The county commission then determines the
 amount of funds to be appropriated to the school board. See
 [N.C. Gen. Stat.] § 115C–429(b) (2007). If there is a dispute
 between the school board and the county commission, the
 two boards meet with a mediator in an effort to negotiate a
 compromise. See [N.C. Gen. Stat.] § 115C–431(a). If there
 is still no agreement, representatives from the two boards
 enter a formal mediation. See [N.C. Gen. Stat.] § 115C–
 431(b). If no agreement can be reached at the mediation,
 the school board may file an action in superior court. See
 [N.C. Gen. Stat.] § 115C–431(c).

363 N.C. at 503, 681 S.E.2d at 281.

 N.C. Gen. Stat. § 115C-431(c), which governs a schools board’s suit against a

county commission, provides the following:

 16
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 (c) Within five days after an announcement of no
 agreement by the mediator, the local board of education
 may file an action in the superior court division of the
 General Court of Justice. Either board has the right to
 have the issues of fact tried by a jury. When a jury trial is
 demanded, the cause shall be set for the first succeeding
 term of the superior court in the county, and shall take
 precedence over all other business of the court. However,
 if the judge presiding certifies to the Chief Justice of the
 Supreme Court, either before or during the term, that
 because of the accumulation of other business, the public
 interest will be best served by not trying the cause at the
 term next succeeding the filing of the action, the Chief
 Justice shall immediately call a special term of the superior
 court for the county, to convene as soon as possible, and
 assign a judge of the superior court or an emergency judge
 to hold the court, and the cause shall be tried at this special
 term. The judge shall find, or if the issue is submitted to
 the jury, the jury shall find the facts as to the following in
 order to maintain a system of free public schools as defined
 by State law and State Board of Education policy: (i) the
 amount of money legally necessary from all sources and (ii)
 the amount of money legally necessary from the board of
 county commissioners. In making the finding, the judge or
 the jury shall consider the educational goals and policies of
 the State and the local board of education, the budgetary
 request of the local board of education, the financial
 resources of the county and the local board of education,
 and the fiscal policies of the board of county commissioners
 and the local board of education.

 All findings of fact in the superior court, whether found by
 the judge or a jury, shall be conclusive. When the facts
 have been found, the court shall give judgment ordering
 the board of county commissioners to appropriate a sum
 certain to the local school administrative unit, and to levy
 such taxes on property as may be necessary to make up this
 sum when added to other revenues available for the
 purpose.

N.C. Gen. Stat. § 115C-431(c).

 17
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

 Plaintiff, just as it argued at trial, looks to this language and argues N.C. Gen.

Stat. § 115C-431(c) is specific as to the issues to be decided by the jury and because

there is no language restricting the jury’s determination to those amounts sought in

its proposed budget, all evidence related to its funding needs was properly admitted.

Plaintiff further argues the General Assembly could have easily limited the

proceedings to a consideration of those amounts in the proposed budget had it

intended to so.

 Although N.C. Gen. Stat. § 115C-431(c) does not explicitly state that the

proceedings are limited to plaintiff’s proposed budget, sub-section (c) does include

plaintiff’s proposed budget as one of the mandatory considerations for the fact finder

in determining the amounts legally necessary to maintain a system of free public

schools. See N.C. Gen. Stat. § 115C-431(c) (“In making the finding, the judge or the

jury shall consider . . . the budgetary request of the local board of education . . . .”).

Moreover, it is evident from the remainder of N.C. Gen. Stat. § 115C-431 that the

proposed budget is the principal focus of the entire dispute resolution process. Prior

to the filing of a lawsuit under N.C. Gen. Stat. § 115C-431(c), N.C. Gen. Stat. §§ 115C-

431(a) and (b) require plaintiff and defendant to attempt to settle the budget dispute

at a joint meeting and, if necessary, through additional mediation efforts. N.C. Gen.

Stat. § 115C-431(a), which sets forth guidelines for the joint meeting, states that “[a]t

the joint meeting, the entire school budget shall be considered carefully and

 18
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

judiciously, and the two boards shall make a good-faith attempt to resolve the

differences that have arisen between them.” N.C. Gen. Stat. § 115C-431(a) (emphasis

added).

 Based on the language of the N.C. Gen. Stat. § 115C-431, we hold the amounts

requested in plaintiff’s proposed budget are what are at issue in a budget dispute

under N.C. Gen. Stat. § 115C-431. This result seems common sense, as a budget

dispute only arises when defendant does not fully fund plaintiff’s proposed budget.

 We find further support for this conclusion when N.C. Gen. Stat. § 115C-431 is

viewed in the context of the entire budget process, considering the respective roles of

plaintiff and defendant.

 N.C. Gen. Stat. § 115C-521(b), which is outside the Act but related to the

budget process, provides the following:

 It shall be the duty of the boards of education of the several
 local school administrative school units of the State to
 make provisions for the public school term by providing
 adequate school buildings equipped with suitable school
 furniture and apparatus. The needs and the cost of those
 buildings, equipment, and apparatus, shall be presented
 each year when the school budget is submitted to the
 respective tax-levying authorities. The boards of
 commissioners shall be given a reasonable time to provide
 the funds which they, upon investigation, shall find to be
 necessary for providing their respective units with
 buildings suitably equipped, and it shall be the duty of the
 several boards of county commissioners to provide funds for
 the same.

 19
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

N.C. Gen. Stat. § 115C-521(b) (2013) (emphasis added). Thus, as defendant argues,

it is plaintiff’s role to determine the capital outlay needs of the school system each

year and to include those costs in their proposed budget each year. Defendant then

reviews plaintiff’s proposed budget and makes appropriations.

 While plaintiff acknowledges that its role is to determine the amount of

funding necessary, it argues the proposed budget is just an estimate and it is the fact

finder who determines the amount legally necessary. Plaintiff argues limiting the

evidence to the proposed budget in this case would have the effect of authorizing

legally insufficient funding because the fact finder found funding beyond the amount

requested in plaintiff’s proposed budget was legally necessary. Plaintiff further

contends that defendant was well aware of the school system’s outstanding capital

needs from prior years that were unfunded and therefore defendant had reasonable

time to make funding decisions. We are not persuaded by plaintiff’s arguments.

 N.C. Gen. Stat. § 115C-521(b) makes clear that plaintiff must assess the capital

needs of the school system and present those needs to defendant “each year.” Each

year is then treated individually in the budget process. By implication, if plaintiff

does not initiate the dispute resolution process in N.C. Gen. Stat. § 115C-431, it has

accepted that the appropriations by defendant were sufficient for that year.

Unfunded requests from prior year’s proposed budgets are not automatically carried

forward and considered in subsequent years. If plaintiff wants those previously

 20
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

unfunded amounts considered, it must include them in the proposed budget for the

2013-2014 fiscal year.

 Moreover, plaintiff’s argument that limiting the evidence to those amounts

requested in its proposed budget would authorize legally insufficient funding

presumes that plaintiff requested an amount of funds below the amount legally

necessary to maintain a system of free public schools. We do not accept this

presumption. While plaintiff’s proposed budget may be an estimate, it is not a blind

guess and we do not accept plaintiff’s suggestion that it underestimated the capital

outlay needs of the school system by over $80,000,000.

 The purpose of the budget dispute resolution process outlined in N.C. Gen.

Stat. § 115C-431 is to provide an expedited process to resolve budget disputes

between a board of education and a board of county commissioners when the board of

education’s proposed budget is not fully funded. We hold N.C. Gen. Stat. § 115C-

431(c) was never intended to open the door to allow the fact finder to consider

evidence outside the scope of the proposed budget and award funding beyond that

requested by the board of education, whose duty it is to request sufficient funding to

maintain a system of free public schools.

 3. Directed Verdict

 At the conclusion of plaintiff’s evidence, and again at the close of all the

evidence, defendant moved for a directed verdict on the ground that plaintiff failed to

 21
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

present sufficient evidence for the jury to decide the amount of money legally

necessary to maintain a system of free public schools. The trial court denied both

motions.

 In this third issue on appeal, defendant now contends the trial court erred in

denying its motions for a directed verdict.

 “The standard of review of directed verdict is whether the evidence, taken in

the light most favorable to the non-moving party, is sufficient as a matter of law to

be submitted to the jury.” Davis v. Dennis Lilly Co., 330 N.C. 314, 322, 411 S.E.2d

133, 138 (1991) (citing Kelly v. Int’l Harvester Co., 278 N.C. 153, 179 S.E.2d 396

(1971)).

 In determining the sufficiency of the evidence to withstand
 a motion for a directed verdict, all of the evidence which
 supports the non-movant’s claim must be taken as true and
 considered in the light most favorable to the non-movant,
 giving the non-movant the benefit of every reasonable
 inference which may legitimately be drawn therefrom and
 resolving contradictions, conflicts, and inconsistencies in
 the non-movant’s favor.

Turner v. Duke Univ., 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989).

 “[U]nder [N.C. Gen. Stat.] § 115C–431(c), a school board must present evidence

of (1) the amount of money it needs to maintain its school system, and (2) the amount

it needs from the county in order to have the necessary amount.” Duplin Cnty. Bd.

of Educ. v. Duplin Cnty. Bd. of Cnty. Comm’rs, 201 N.C. App. 113, 122, 686 S.E.2d

169, 174 (2009). As the Court made clear in Beaufort, the amount of money “needed”

 22
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

or “necessary” is that amount “legally necessary” to support a system of free public

schools. 363 N.C. at 507, 681 S.E.2d at 283.

 In the present case, defendant argues “[plaintiff] failed to meet its basic burden

of proof to show what amount was legally necessary to maintain a system of free

public schools, and, thus, in turn failed to show how [defendant’s] funding fell short

of the legally necessary level.” Defendant asserts plaintiff “simply failed to present

evidence on the annual cost of providing a county-wide system of education both as

to capital and current expenditures.”

 Upon a review of the evidence, we disagree. Specifically, plaintiff presented

evidence tending to show current expense funding was needed to meet state

mandates and policies and capital outlay funding was needed to maintain and repair

school facilities. However, having determined above that much of plaintiff’s evidence

was outside the scope of plaintiff’s proposed budget for the 2013-2014 fiscal year and

should not have been admitted into evidence at trial, we remand for a new trial; it is

too difficult to distinguish what evidence in the weeks long trial was within the scope

of plaintiff’s proposed budget.

 4. Jury Instructions

 In the final issue on appeal, defendant contends the trial court erred in issuing

a broad rather than restrictive definition of the amount of money legally necessary to

maintain a system of free public schools. Specifically, defendant argues the trial court

 23
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

erred by failing to issue requested instructions limiting the jury’s consideration to the

proposed budget for the 2013-2014 fiscal year and by instructing the jury that

students performing below grade level were not obtaining a sound basic education.

Because similar jury instructions are likely to be issued on retrial, we address

defendant’s arguments.

 On appeal, this Court considers a jury charge
 contextually and in its entirety. The charge will be held to
 be sufficient if it presents the law of the case in such
 manner as to leave no reasonable cause to believe the jury
 was misled or misinformed. The party asserting error
 bears the burden of showing that the jury was misled or
 that the verdict was affected by an omitted instruction.
 Under such a standard of review, it is not enough for the
 appealing party to show that error occurred in the jury
 instructions; rather, it must be demonstrated that such
 error was likely, in light of the entire charge, to mislead the
 jury.

Hammel v. USF Dugan, Inc., 178 N.C. App. 344, 347, 631 S.E.2d 174, 177 (2006)

(citations and quotation marks omitted).

 Defendant first argues the trial court erred by not instructing the jury to limit

its consideration to those amounts plaintiff requested in its proposed budget for the

2013-2014 fiscal year. We disagree.

 A review of the trial court’s instructions to the jury reveals that the

instructions closely followed the language of N.C. Gen. Stat. § 115C-431 and were not

overly broad. In fact, the trial court included language directing the jury to consider

“the budgetary request of [plaintiff,]” among other factors provided in N.C. Gen. Stat.

 24
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

§ 115C-431(c). We hold these instructions were sufficient to present the law to the

jury, and had the trial court properly limited the evidence to the scope of plaintiff’s

proposed budget, plaintiff’s requested instruction would have been unnecessary.

 Defendant also argues the trial court misled the jury when it misinterpreted

the elements of a sound basic education set forth in Leandro v. State of North

Carolina, 346 N.C. 336, 488 S.E.2d 249 (1997), and Hoke Cnty. Bd. of Educ. v. State

of North Carolina, 358 N.C. 605, 599 S.E.2d 365 (2004). Specifically, defendant takes

issue with the following instructions:

 The North Carolina Constitution provides every
 child the constitutional right to a sound basic
 education . . . .

 A student who is performing below grade level . . . is
 not obtaining a sound basic education in the subject matter
 being tested. A student who is performing at grade level or
 above . . . is obtaining a sound basic education . . . .

Defendant argues these instructions misled the jury to believe that “students were

only being provided a sound basic education if they were performing at grade level,

suggesting if any student was not so performing, [Union County] was not providing

a sound basic education and, thus, failing to provide a system of free public schools.”

 Upon review, we agree that this portion of the trial court’s instructions likely

misled the jury and was error. School funding cannot guarantee student

performance; but only the opportunity for students to receive a sound basic education.

That is why in Leandro, our Supreme Court expressly rejected the notion that our

 25
 UNION COUNTY BOARD OF EDUCATION V. UNION COUNTY BOARD OF COMMISSIONERS

 Opinion of the Court

constitution provides every child the right to a sound basic education, noting

“[s]ubstantial problems have been experienced in those states in which the courts

have held that the state constitution guaranteed the right to a sound basic

education[]” and “the framers of our Constitution did not intend to set such an

impractical or unattainable goal.” 346 N.C. at 350-51, 488 S.E.2d at 257. Instead,

the Court held “Article IX, Section 2(1) of the North Carolina Constitution requires

that all children have the opportunity for a sound basic education . . . .” Id at 351,

488 S.E.2d at 257 (emphasis added).

 III. Conclusion

 Having determined the budget dispute resolution process outlined in N.C. Gen.

Stat. § 115C-431 concerns plaintiff’s proposed budget for the 2013-2014 fiscal year,

we hold the trial court erred in allowing evidence outside the scope of the proposed

budget for the 2013-2014 fiscal year into evidence and remand for a new trial.

 NEW TRIAL.

 Judges CALABRIA and STROUD concur.

 26